## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| _____ | |
| CARLOS ACUNA, on behalf of himself and others similarly situated, | : **Civil Action No.:** |
| | : |
| Plaintiff, | : **COMPLAINT--CLASS ACTION** |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| MEDICAL-COMMERCIAL AUDIT, INC. d/b/a MCA MANAGEMENT COMPANY, | : |
| | : |
| Defendant. | : |
| _____ | |

### Nature of Action

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of certain Florida consumers who have been the subject of debt collection efforts by Medical Commercial Audit, Inc. d/b/a MCA Management Company ("Defendant").

### Parties

2.      Carlos Acuna ("Plaintiff") is a natural person who at all relevant times resided in Palm Beach County, Florida.

3.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

4.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a corporation with its principal office in High Ridge, Missouri.

7.      Defendant "is a third-party debt collection agency."[1]

8.      Defendant is an entity that at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

11.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     Defendant identified itself as a debt collector in correspondence to Plaintiff.

13.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

14.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Factual Allegations

16.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which

---

[1]      *See* https://www.mcacollectionagency.com/ (last accessed July 12, 2021).

Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

17.    As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[2]

18.    The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat., § 559.55 *et seq.*, was enacted with a similar goal, "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied*, No. SC16–300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

19.    Pursuant to the FCCPA, prior to engaging in any business in Florida, a person who acts as a consumer collection agency must register with the State of Florida Office of Financial Regulation. Fla. Stat., § 559.555(1).

20.    The Florida legislature determined this licensing requirement to be of such import to the citizens of Florida that it made violations subject to up to one year in jail. Fla. Stat., § 559.785.

21.    On or about November 21, 2021, Defendant sent correspondence to Plaintiff in connection with the collection of the Debt.

22.    A true and correct copy of the November 21, 2021 correspondence is attached as Exhibit A.

---

[2]    *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed July 12, 2021).

23.     The November 21, 2021 correspondence demanded payment from Plaintiff in the amount of $75.96 for the Debt. *See* Ex. A.

24.     On or about December 31, 2021, Defendant sent a second correspondence to Plaintiff in connection with the collection of the Debt.

25.     A true and correct copy of the December 31, 2021 correspondence is attached as Exhibit B.

26.     The December 31, 2021 correspondence advised Plaintiff that the Debt may be scheduled to be reported to one of the credit bureaus if it had not already been reported. *See* Ex. B.

27.     The December 31, 2021 correspondence then advised Plaintiff that he could prevent the credit reporting by paying the Debt. *See* Ex. B.

28.     Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time Defendant sent the November 21, 2021 correspondence and the December 31, 2021 correspondence to Plaintiff.

29.     Defendant is not currently registered as a consumer collection agency.

**Class Action Allegations**

30.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Medical Commercial Audit, Inc. d/b/a MCA Management Company mailed a debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint.

31.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

32. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

33. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

34. The class is ascertainable because it is defined by reference to objective criteria.

35. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

36. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

37. To be sure, Plaintiff's claims and those of the members of the class originate from the same debt collection conduct by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

38. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

39. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

41. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

42.     There should be no unusual difficulty in the management of this action as a class action.

43.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

44.     Among the issues of law and fact common to the class:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   whether Defendant is a debt collector as defined by the FDCPA;

    c.   the availability of statutory penalties; and

    d.   the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

45.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 44.

46.     The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47.     No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

48.     Defendant sent two debt collection letters to Plaintiff even though Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the correspondence.

49.     Defendant is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

50.     Defendant's attempts to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

51.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

52.     The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

53.     The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

54.     Moreover, section 1692e of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

55.     And Defendant's action in attempting to collect the Debt from Plaintiff at a time when it was not registered with the State of Florida Office of Financial Regulation exposed Plaintiff to abusive practices by an unlicensed collection agency.

56.     Furthermore, Defendant's conduct in contacting Plaintiff regarding the Debt at a time when it was barred from doing so by Florida law constituted an invasion of Plaintiff's privacy and an intrusion upon Plaintiff's seclusion.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5)**

57.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 44.

58.     The FDCPA at 15 U.S.C. § 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

59.     No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

60.     Defendant sent two debt collection letters to Plaintiff even though Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the correspondence.

61.     Defendant is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

62.     What's more, Defendant's December 31, 2020 correspondence threatened Plaintiff that Defendant would report him to the credit reporting agencies if he did not pay the Debt.

63.     Defendant's attempts to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

8

64.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

65.     The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

66.     The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

67.     Moreover, section 1692e of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

68.     And Defendant's action in attempting to collect the Debt from Plaintiff at a time when it was not registered with the State of Florida Office of Financial Regulation exposed Plaintiff to abusive practices by an unlicensed collection agency.

69.     Furthermore, Defendant's conduct in contacting Plaintiff regarding the Debt at a time when it was barred from doing so by Florida law constituted an invasion of Plaintiff's privacy and an intrusion upon Plaintiff's seclusion.

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f**

70.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 44.

71.     The FDCPA at 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

72.     No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

73.     Defendant sent two debt collection letters to Plaintiff even though Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent the correspondence.

74.     Defendant is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

75.     What's more, Defendant's December 31, 2020 correspondence threatened Plaintiff that Defendant would report him to the credit reporting agencies if he did not pay the Debt.

76.     Defendant's attempts to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

77.     The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

78.     The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

79.     The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a

misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

80.     Moreover, section 1692f of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

81.     And Defendant's action in attempting to collect the Debt from Plaintiff at a time when it was not registered with the State of Florida Office of Financial Regulation exposed Plaintiff to abusive practices by an unlicensed collection agency.

82.     Furthermore, Defendant's conduct in contacting Plaintiff regarding the Debt at a time when it was barred from doing so by Florida law constituted an invasion of Plaintiff's privacy and an intrusion upon Plaintiff's seclusion.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f;

C.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding Plaintiff and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Enjoining Defendant from future violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f with respect to Plaintiff and the class;

F.   Awarding Plaintiff and members of the class their reasonable costs and attorneys'
fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k
and Rule 23 of the Federal Rules of Civil Procedure;

G.   Awarding Plaintiff and the members of the class any pre-judgment and post-
judgment interest as may be allowed under the law; and

H.   Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  July 16, 2021

Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Matisyahu H. Abarbanel
Matthew Bavaro
Florida Bar No. 175821
Loan Lawyers
3201 Griffin Road, Suite 100
Ft. Lauderdale, FL 33312
Tel: (954) 523-4357
Matis@Fight13.com
Matthew@Fight13.com

Counsel for Plaintiff and the proposed
class