UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-81256-DIMITROULEAS/MATTHEWMAN

CARLOS ACUNA, on behalf of himself and
others similarly situated,

    Plaintiff,

v.

MEDICAL-COMMERCIAL AUDIT, INC.
d/b/a MCA MANAGEMENT COMPANY,

    Defendant.
_____/

FILED BY KJZ D.C.
Apr 26, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES [DE 25]

THIS CAUSE is before the Court upon Plaintiff, Carlos Acuna's ("Plaintiff") Unopposed Motion for Approval of an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses ("Motion") [DE 25]. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. *See* DE 26. The Court held a hearing on the Motion on April 22, 2022, via Zoom video teleconference. Thereafter, Plaintiff filed the Supplemental Declaration of James. L. Davidson [DE 32]. The matter is now ripe for review.

### I.    BACKGROUND

This case arises out of debt collection letters mailed by Medical-Commercial Audit, Inc. ("Defendant") between July 17, 2020, and July 16, 2021. Plaintiff received one such letter and sued Defendant on behalf of himself and similarly-situated individuals who received similar

1

letters, arguing that Defendant's debt collection conduct violated sections 1692e, 1692e(5) and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [DE 1]. Defendant denies that its conduct violated the law.

The parties' settlement will create a non-reversionary $7,600 class settlement fund, with money distributed pro-rata to each class member who submitted a timely and valid claim, and pertinent here, a separate award of attorney's fees and reimbursement of litigation costs and expenses. The class notice advised class members that class counsel, Greenwald Davidson Radbil PLLC ("GDR"), will ask the Court for up to $40,000 in attorney's fees and expenses. Class counsel filed its Motion on March 18, 2022—in advance of the deadline for class members to file an objection to the settlement—asking the Court for approval of a total award of $35,000 for attorney's fees, costs, and litigation expenses. [DE 25]. The amount sought is unopposed and, pursuant to the terms of the settlement, would be paid after final settlement approval, separate and apart from the class settlement fund and Plaintiff's individual payments.

The FDCPA mandates awards of costs and reasonable attorney's fees in successful actions. 15 U.S.C. § 1692k(a)(3). Moreover, a reasonable fee award under a fee-shifting statute like the FDCPA is "not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986).

II.     **CALCULATION OF THE ATTORNEY'S FEE AWARD TO PLAINTIFF**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civ. Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See id.* at

427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See id.* at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity .

3

> . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

### A. Counsel's Hourly Rate

According to the Motion, James L. Davidson, Esq., bills at a rate of $500 per hour, and Jesse S. Johnson, Esq., bills at a rate of $450 per hour. [DE 25 at 7]. In the Declaration of James L. Davidson [DE 25-1], he states that he is a partner at the law firm of GDR and that he has more than 17 years of litigation experience, including more than 13 years litigating class actions. Mr. Johnson graduated from law school in 2009 and has more than 12 years of litigation experience, during which time he focused his practice entirely on class action litigation. *Id.* Additionally, GDR has been appointed class counsel in many class actions throughout the country, including many brought under the Fair Debt Collection Practices Act. *Id.*

The Court notes that the billable rates claimed are within the range of reasonableness for FDCPA class litigation.[1] *See Cooper v. InvestiNet, LLC*, No. 121CV01562TWPDML, 2022 WL 1125394, at *2 (S.D. Ind. Apr. 14, 2022) (approving a rate of $500 per hour for Mr. Davidson and approving a rate of $450 per hour for Mr. Johnson); *Brockman v. Mankin Law Group, P.A.*, No. 8:20-cv-893-T-35JSS, 2021 WL 913082, at *2 (M.D. Fla. Mar. 10, 2021) (approving GDR's partners' hourly rates ranging from $400 to $450); *Newman v. Edoardo Meloni, P.A.*, No. 20-60027, 2020 WL 5269442, at *2 (S.D. Fla. Sept. 4, 2020) (finding GDR's rates to be "within the range of reasonableness for" the Southern District of Florida); *Dickens v. G.C. Servs. Ltd. P'ship*, No. 16-803, 2019 WL 1771524, at *1 (M.D. Fla. Apr. 10, 2019) ("As for the billing rates, Class Counsel charged associate and partner rates ranging from $350 to $450 per hour. The Court agrees that for this type of litigation and the market rate in Tampa, the rates are reasonable."); *Riddle v. Atkins & Ogle L. Offs., LC*, No. 19-249, 2020 WL 3496470, at *2 (S.D. W. Va. June 29, 2020) ("Lead attorney Jesse S. Johnson has more than ten years of class action litigation experience and billed at $400 per hour. Senior partner James L. Davidson has sixteen years of experience and billed at $450 per hour. The defendant does not dispute these rates or the attorneys' experience and skill, and the rates are within the range of reasonableness for this district.").

Having considered information contained in the various filings and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Plaintiff's counsel's hourly rates are reasonable and appropriate.

In sum, the Undersigned **FINDS** that Mr. Davidson's hourly rate of $500 and Mr.

---

[1] GDR raised Mr. Davidson's rate from $450 to $500 per hour and Mr. Johnson's rate from $400 to $450 per hour on January 1, 2021. *See* DE 32-1 ¶ 8. This explains the different rates awarded to Mr. Davidson and Mr. Johnson by the various courts.

Johnson's hourly rate of $450 are reasonable.

### B. Number of Hours Reasonably Expended

Plaintiff is claiming 58 hours "performing legal services reasonably necessary to litigate this matter." [DE 25 at 6]. According to Plaintiff,

> This time included (a) researching and preparing the class action complaint, ECF No. 1; (b) preparing the joint scheduling report, ECF No. 9; (c) preparing Plaintiff's initial disclosures; (d) propounding written discovery; (e) preparing responses to written discovery; (f) negotiating a confidentiality agreement; (g) drafting and negotiating the parties' class action settlement agreement, including the proposed preliminary and final approval orders and the class notice; (h) preparing Plaintiff's motion for preliminary approval of the settlement; (i) coordinating with the settlement administrator; and (j) preparing this fee and expense petition, among other tasks.

*Id.* at 7. In the Motion, Plaintiff also estimates that its counsel will spend an additional "10-20 hours on this matter, including preparing a motion for final approval of the class action settlement; preparing for, and attending, the final fairness hearing; communicating with class members; conferring with the settlement administrator; and any other related matters necessary to conclude this case." *Id.* This will result in 68 to 78 hours of legal work. *Id.*

In the Supplemental Declaration filed on April 25, 2022, Mr. Davidson states that, to date, GDR had spent 70.3 hours litigating this matter, which includes the original 58 hours set forth in the March 18, 2022 declaration and the Motion, plus an additional 12.3 hours that GDR has spent since that date. [DE 32-1 ¶ 10]. Mr. Davidson explains that GDR "still has additional work to perform on this matter, including preparing for and attending the May 20, 2022 final fairness hearing, responding to class member inquiries, and coordinating with the settlement administrator regarding the mailing of checks to class members and, eventually, the *cy pres* distribution." *Id.* ¶ 12.

The reasonableness of the requested fee award is supported by several of the *Johnson* factors. With respect to the fifth factor, GDR entered into a contingent fee agreement with Plaintiff, which is common for consumers bringing FDCPA claims. "A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988) (King, J.), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (citing *Jones v. Central Soya Co., Inc.*, 748 F.2d 586, 591 (11th Cir. 1986)).

The eighth *Johnson* factor, which considers the results obtained, also supports the requested fees. The settlement exceeds the maximum statutory damages, which are capped at one percent of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). Plaintiff's individual recovery of $1,000 is the maximum individual award under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). And lastly, Defendant has stopped collecting debts in Florida.

Also significant is that the requested fees are well in line with those awarded in recent consumer protection class actions, as considered under the twelfth factor. *See, e.g.*, *Newman*, 2020 WL 5269442, at *1 (awarding $50,000 in attorney's fees and expenses in FDCPA class action); *Claxton v. Alliance CAS, LLC*, No. 19-61002, 2020 WL 2759826, at *3 (S.D. Fla. May 27, 2020) (awarding $38,500 in attorney's fees and expenses in FDCPA class action); *Dickens*, 2019 WL 1771524, at *1 (awarding $270,000 in attorney's fees and expenses in FDCPA class action); *Grant v. Ocwen Loan Servicing*, No. 15-1376, 2019 WL 367648, at *9 (M.D. Fla. Jan. 30, 2019) (awarding $150,000 in attorney's fees and expenses in FDCPA class action).

As to the ninth factor, GDR is an experienced firm that has successfully litigated many complex consumer class actions. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including several in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

The Undersigned **FINDS** the hours claimed by Plaintiff's counsel to be reasonable given the amount of work performed by GDR in this case.

### C. Calculation of Lodestar Amount

The reasonable number of hours multiplied by the attorney's respective rates results in a total estimated lodestar of $34,685.00 (as of April 25, 2022). However, Plaintiff is only seeking an attorney's fees award in the amount of $34,514.10. [DE 25 at 17].

The Undersigned **FINDS** that an award of Plaintiff's reasonable attorney's fees is $34,514.10 and **RECOMMENDS** that Plaintiff be awarded a total of $34,514.10 in attorney's fees.

### III. COSTS

Plaintiff is seeking $485.90 for litigation costs and expenses for the filing fee for the complaint, service of process on Defendant, and mailing costs. [DE 25 at 9]. The categories of expenses for which GDR seeks reimbursement are the type of expenses routinely charged to paying clients in the marketplace. *See Behrens*, 118 F.R.D. at 549 (awarding as reasonable and necessary reimbursement for "travel, depositions, filing fees, postage, telephone, and copying"). Moreover, Defendant does not object to the litigation costs and expenses.

The Undersigned **RECOMMENDS** that Plaintiff be awarded a total of $485.90 in litigation costs and expenses.

## IV. CONCLUSION

In light of the foregoing, the Undersigned **FINDS** and **RECOMMENDS** that the District Judge award Plaintiff his attorney's fees in the amount of $34,514.10 and litigation costs and expenses in the amount of $485.90, for a total award of $35,000 in favor of Plaintiff and against Defendant. The Undersigned also recommends that the appropriate statutory interest be applied and that a judgment be entered accordingly, for which let execution issue.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Florida, this 26th day of April 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge