UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| CARLOS ACUNA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL-COMMERCIAL AUDIT, INC. d/b/a MCA MANAGEMENT COMPANY,<br><br>Defendant. | Civil Action No.: 9:21-cv-81256-WPD |

### ORDER APPROVING PLAINTIFF'S AWARD OF ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES

**Background**

This case arises out of debt collection letters mailed by Medical-Commercial Audit, Inc. ("Defendant") between July 17, 2020 and July 16, 2021. Carlos Acuna ("Plaintiff") received one such letter and sued Defendant on behalf of himself and similarly-situated individuals who received similar letters, arguing that Defendant's debt collection conduct violated sections 1692e, 1692e(5) and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [DE 1]. Defendant denies that its conduct violated the law.

The parties' settlement will create a non-reversionary $7,600 class settlement fund, with money distributed pro-rata to each class member who submitted a timely and valid claim, and pertinent here, a separate award of attorneys' fees and reimbursement of litigation costs and expenses. The class notice advised class members that class counsel, Greenwald Davidson Radbil PLLC ("GDR"), will ask the Court for up to $40,000 in attorneys' fees and expenses. Class counsel filed its fee motion on March 18, 2022—in advance of the deadline for class

members to file an objection to the settlement—asking the Court for approval of a total award of $35,000 for attorneys' fees, costs, and litigation expenses. [DE 25]. The amount sought is unopposed and, pursuant to the terms of the settlement, would be paid after final settlement approval, separate and apart from the class settlement fund and Plaintiff's individual payments.

The Court referred Plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses [DE 25] to Magistrate Judge William Matthewman. *See* [DE 26]. Judge Matthewman held a hearing on the Motion on April 22, 2022 and entered a Report and Recommendation on the Motion on April 26, 2022. *See* [DE 33]. Judge Matthewman recommends that the Court award Plaintiff his attorney's fees in the amount of $34,514.10 and litigation costs and expenses in the amount of $485.90, for a total award of $35,000 in favor of Plaintiff and against Defendant. *See id.* No objections were timely filed to Judge Matthewman's Report and Recommendation.

The Court also heard argument on the fee motion at the final fairness hearing on May 20, 2022.

**Legal Standard**

The FDCPA mandates awards of costs and reasonable attorneys' fees in successful actions. 15 U.S.C. § 1692k(a)(3). Moreover, a reasonable fee award under a fee-shifting statute like the FDCPA is "not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986).

A lodestar analysis is the appropriate means for determining attorneys' fees awards under the FDCPA. *See Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931-32 (11th Cir. 2008). That is, "[t]he starting point in fashioning an award of attorney's fees is to multiply the number

of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

After considering the lodestar analysis, courts may use discretion to fashion a reasonable fee award by taking into consideration the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721, at *2 (M.D. Fla. Jan. 28, 2016).

**Discussion**

The United States Supreme Court has stated that an hourly rate is reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). Senior partner James L. Davidson has 17 years of experience and as of March 18, 2022, billed 51 hours on this matter at $500 per hour. [DE 25] at ¶ 8, 16. Partner Jesse S. Johnson has more than 12 years of class action litigation experience and as of March 18, 2022, billed 7 hours on this matter at $450 per hour. *Id.*

These rates are within the range of reasonableness for FDCPA class litigation. *See Brockman v. Mankin Law Group, P.A.*, No. 8:20-cv-893-T-35JSS, 2021 WL 913082, at *2

(M.D. Fla. Mar. 10, 2021) (approving GDR's partners' hourly rates ranging from $400 to $450); *Newman v. Edoardo Meloni, P.A.*, No. 20-60027, 2020 WL 5269442, at *2 (S.D. Fla. Sept. 4, 2020) (Ungaro, J.) (finding GDR's rates to be "within the range of reasonableness for" the Southern District of Florida); *Dickens v. G.C. Servs. Ltd. P'ship*, No. 16-803, 2019 WL 1771524, at *1 (M.D. Fla. Apr. 10, 2019) ("As for the billing rates, Class Counsel charged associate and partner rates ranging from $350 to $450 per hour. The Court agrees that for this type of litigation and the market rate in Tampa, the rates are reasonable."); *Riddle v. Atkins & Ogle Law Offices, LC*, No. 19-249, 2020 WL 3496470, at *2 (S.D. W. Va. June 29, 2020) ("Lead attorney Jesse S. Johnson has more than ten years of class action litigation experience and billed at $400 per hour. Senior partner James L. Davidson has sixteen years of experience and billed at $450 per hour. The defendant does not dispute these rates or the attorneys' experience and skill, and the rates are within the range of reasonableness for this district."). The Court therefore finds GDR's hourly rates are reasonable and appropriate.

GDR's request for an award for between 68 and 78 hours is warranted. [DE 25]. This total includes time spent as of March 18, 2022 for researching and preparing the class action complaint; preparing and responding to written discovery; negotiating the class settlement, including drafting the terms of the written settlement agreement and the class notices; preparing the preliminary approval papers; coordinating with the settlement administrator; conferencing with Plaintiff; and preparing Plaintiff's fee petition, among other tasks. GDR also anticipates expending approximately 10-20 more hours researching and preparing the motion for final approval of settlement; preparing for and attending the final fairness hearing; overseeing the claims process and settlement distributions; and continuing to confer with class members and the

settlement administration regarding the administration process. The Court finds these hours reasonable for the amount of work performed by GDR in this case.

The reasonable number of hours multiplied by the attorneys' respective rates results in a total estimated lodestar of between $33,650 and $38,650. *Id.* at 11.

Further, the reasonableness of the requested fee award is supported by several of the *Johnson* factors. With respect to the fifth factor, GDR entered into a contingent fee agreement with Plaintiff, which is common for consumers bringing FDCPA claims. "A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988) (King, J.), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (citing *Jones v. Central Soya Co., Inc.*, 748 F.2d 586, 591 (11th Cir. 1986)).

The eighth *Johnson* factor, which considers the results obtained, also supports the requested fees. The settlement exceeds the maximum statutory damages, which are capped at one percent of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). Plaintiff's individual recovery of $1,000 is the maximum individual award under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). And lastly, Defendant has stopped collecting debts in Florida.

Also significant is that the requested fees are well in line with those awarded in recent consumer protection class actions, as considered under the twelfth factor. *See, e.g.*, *Newman*, 2020 WL 5269442, at *1 (awarding $50,000 in attorneys' fees and expenses in FDCPA class action); *Claxton v. Alliance CAS, LLC*, No. 19-61002, 2020 WL 2759826, at *3 (S.D. Fla. May

27, 2020) (awarding $38,500 in attorneys' fees and expenses in FDCPA class action); *Dickens*, 2019 WL 1771524, at *1 (awarding $270,000 in attorneys' fees and expenses in FDCPA class action); *Grant v. Ocwen Loan Servicing*, No. 15-1376, 2019 WL 367648, at *9 (M.D. Fla. Jan. 30, 2019) (awarding $150,000 in attorneys' fees and expenses in FDCPA class action).

As to the ninth factor, GDR is an experienced firm that has successfully litigated many complex consumer class actions. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including several in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

Finally, subsumed within the $35,000 sought by GDR is $485.90 for litigation costs and expenses for the filing fee for the complaint, service of process on Defendant, and mailing costs. The categories of expenses for which GDR seeks reimbursement are the type of expenses routinely charged to paying clients in the marketplace. *See Behrens*, 118 F.R.D. at 549 (awarding as reasonable and necessary reimbursement for "travel, depositions, filing fees, postage, telephone, and copying").

For the reasons stated herein, the Court finds GDR's requested award of $35,000 is supported and reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Matthewman's Report and Recommendation [DE 33] is hereby **ADOPTED AND APPROVED**;

2. Plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses [DE 25] is **GRANTED**;

      3.      Plaintiff is hereby awarded attorney's fees in the amount of $34,514.10 and litigation costs and expenses in the amount of $485.90, for a total award of $35,000 in favor of Plaintiff and against Defendant.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 20th day of May, 2022.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All counsel of record