UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS ACUNA, on behalf of himself and others similarly situated,

    Plaintiff,

v.

MEDICAL-COMMERCIAL AUDIT, INC. d/b/a MCA MANAGEMENT COMPANY,

    Defendant.

Civil Action No.: 9:21-cv-81256-WPD

## FINAL ORDER AND JUDGMENT

On July 16, 2021, Carlos Acuna ("Plaintiff" or "Class Representative") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Medical-Commercial Audit, Inc. d/b/a MCA Management Company ("Defendant") in the United States District Court, Southern District of Florida, Case No. 9:21-cv-81256-WPD, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant denies any and all liability alleged in the Lawsuit.

On February 7, 2022, after extensive arms-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.[1]

On February 8, 2022, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and

---

[1] All capitalized terms have the meanings defined herein and/or in the Agreement.

1

1711-1715, Defendant served written notice of the proposed class settlement as directed.

On February 9, 2022, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff as the Class Representative; (iv) appointed James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel; and (v) set the date and time of the Final Approval Hearing.

On April 19, 2022, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") [DE 29].

On May 20, 2022, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings.

As set forth below, Plaintiff's Motion for Final Approval of Class Action Settlement [DE 29] is **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with a Florida address, (b) to whom Medical-Commercial Audit, Inc. d/b/a MCA Management Company mailed a debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between July 17, 2020 and July 16, 2021.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Carlos Acuna as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g.*, *Claxton v. Alliance CAS, LLC*, No. 19-61002, 2020 WL 2759826 (S.D. Fla. May 27, 2020) (Altman, J.); *Sullivan v. Marinosci Law Grp., P.C., P.A.*, No. 9:18-cv-81368, 2019 WL 3940256 (S.D. Fla. Aug. 19, 2019) (Middlebrooks, J.).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which

      predominate over any individual questions;

C.     The claims of the Plaintiff are typical of the claims of the Class Members;

D.     The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members, including the change in Defendant's business practices; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the limited amount of any potential total recovery for the class given the net worth of Defendant and the cap on damages imposed by the FDCPA. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1.     <u>Settlement Fund</u> – Defendant will establish a $7,600 settlement fund (the "Settlement Fund").

2.     <u>Settlement Payment to Participating Class Members</u> – Each Participating Class Member will receive a pro-rata share of the Settlement Fund. Each settlement check will be void 90 days after mailing. To the extent that any funds remain in the Settlement Fund after the void

date (from uncashed checks or otherwise), these funds will be distributed to Legal Aid Service of Palm Beach County, Inc. as the *cy pres* recipient.

3. <u>Statutory Award to Plaintiff</u> – Plaintiff will receive from Defendant the sum of $1,000.00 for his "additional damages" pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) ("Statutory Award to Plaintiff"). This payment will be separate and apart from the Settlement Fund and his pro-rata share of the same.

4. <u>Stipulated Equitable Relief</u> – Defendant will, within 30 days of execution of this Agreement, cease collecting debts from consumers in Florida and will no longer do so going forward. If Defendant does elect to collect debts from consumers in Florida in the future, it will register with the Office of Financial Regulation of the Florida Financial Services Commission as a consumer collection agency before doing so.

5. <u>Settlement Notice and Administration</u> – Separate from the Settlement Fund, the Statutory Award to Plaintiff, and any attorneys' fees, expenses, and costs awarded to Class Counsel, Defendant is responsible for paying all costs of notice and administration of the settlement, which will be completed by Class-Settlement.com.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. No Class Members excluded themselves from the settlement. This Order is binding on all Class Members.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby **DIMISSED WITH PREJUDICE** in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 20th day of May, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
All counsel of record